744

JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO, a nombre de MARTÍN NILO CARTAGENA, peticionaria, *v.* FRED THON, haciendo negocios como FREDDIE THON's DRY CLEANING & LAUNDRY SERVICE, demandado.

Núm. 13.—*Sometido:* Febrero 3, 1949. *Resuelto:* Marzo 29, 1949.

*Hon. Procurador General Vicente Géigel Polanco (Luis Negrón Fernández, Ex Procurador General, en la petición), A. Torres Braschi, Procurador General Auxiliar y Yamil Galib Frangie, Procurador General Auxiliar Especial y Luis Estades,* abogados los dos últimos de la Junta de Relaciones del Trabajo, abogados todos de la peticionaria; *Otero Suro & Otero Suro,* abogados del demandado.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

La peticionaria, Junta de Relaciones del Trabajo de Puerto Rico, solicita ordenemos al demandado Fred Thon, haciendo negocios como Freddie Thon's Dry Cleaning & Laundry Service, dar cumplimiento al laudo de arbitraje rendido en el caso del despido por el demandado del obrero Martín Nilo Cartagena y en el cual se resolvió que el despido fué sin justa causa y se decretó la reposición del obrero en su empleo con paga durante todo el tiempo que estuvo cesante.

El demandado en su contestación alega que cumplió en todas sus partes el laudo emitido por el árbitro, pues repuso al obrero Martín Nilo Cartagena en su empleo y le satisfizo $142.47 de sus haberes adeudados. Alegó, además, el demandado lo siguiente:

"*"     *     *     *     *     *     *

"(*c*) Que el día 2 de abril de 1948, en cumplimiento del ameritado laudo, el obrero fué repuesto en su trabajo, y al efecto, marcó su tarjeta con el reloj de la planta al comenzar sus labores.

"(*d*) Que ese mismo día se requirió al obrero Martín Nilo Cartagena, por estar su nombre dentro de los primeros cinco en orden alfabético, que en unión de cuatro compañeros de trabajo, a saber: Juana Alicea, Félix Alejandro, Estrella Castillo y Lino Burgos, compareciera ante un médico del Sanatorio Insular, a sufrir un examen para que se les expidiera un certificado de salud, a lo que éste se negó, sin dar razón alguna para ello.

"(*e*) Que en virtud de esta negativa y siendo requisito exigido por el Departamento de Salud, que todo obrero sufra un examen médico, antes de ser admitido a trabajar, el patrono se vió en la necesidad de suspender nuevamente al obrero, Martín Nilo Cartagena.

"(*f*) Que transcurridas cinco semanas, a partir del día en que se negó a sufrir un examen médico, el obrero Martín Nilo Cartagena, sin que durante ese tiempo se comunicara con el patrono, compareció nuevamente a solicitar su empleo, a lo que no pudo acceder la compareciente, debido a que por necesidad había tenido que llenar la plaza dejada vacante por el obrero."

En la vista del caso ambas partes presentaron prueba y por la apreciación que hacemos de la misma, consideramos que se han probado los siguientes hechos:

(1) Que el laudo de arbitraje rendido el 24 de marzo de 1948, ordenó la reposición del obrero Martín Nilo Cartagena, y que se le pagaran sus haberes correspondientes al tiempo que estuvo suspendido.

(2) Que el 2 de abril de 1948 el demandado mandó a buscar a dicho obrero para que se reintegrara al trabajo y al llegar Cartagena marcó su tarjeta y entró al taller.

(3) Que entonces el demandado le informó a Cartagena y a Justo Corchado, otro obrero cuya reposición se había ordenado, que de acuerdo con lo que exigía el Departamento de Salud, todos los empleados tenían que tener un certificado de salud; que envió a Corchado a su trabajo y a Cartagena junto con cuatro trabajadores más, escogidos por orden alfabético, los montó en su guagua para llevarlos a hacerse el examen médico al Sanatorio Insular, en donde ya había hecho arreglos con una tía suya que trabajaba allí para que los exámenes pudieran hacerse por el médico sin pérdida de tiempo.

(4) Que todos los empleados se hicieron el examen menos Cartagena, quien rehusó hacérselo "porque . . . creía que ése no era el procedimiento de ley . . . porque yo había visto siempre que el patrono llevaba a uno a la Unidad de Salud Pública."

(5) Que el demandado informó a Cartagena que no podía trabajar sin el certificado de salud y Cartagena se retiró y no fué hasta cuatro semanas después, o sea el 4 de mayo de 1948 que Cartagena volvió con el certificado y en esa fecha el demandado le dijo que no podía darle trabajo pues ya había otro trabajando en su puesto.

De acuerdo con estos hechos y habiéndose aceptado que el demandado satisfizo a Cartagena sus haberes atrasados, consideramos que el demandado dió cumplimiento al laudo de arbitraje.

La controversia surgida con posterioridad a haberse repuesto a Cartagena en su empleo no fué, ni pudo haber sido, objeto del arbitraje anterior. Si los reglamentos de sanidad exigen que los empleados del demandado tengan un certificado de salud y si el demandado trató de conseguir que Cartagena obtuviera dicho certificado y éste se negó a dejarse examinar por el hecho de efectuarse el examen en el Sanatorio Insular y no en la Unidad de Salud Pública, no creemos que el demandado estuviera obligado por el laudo a

reponer de nuevo a Cartañena cuatro semanas después de haber sido suspendido por el demandado, si ya su puesto estaba ocupado por otro obrero que hubiera tenido que ser despedido.

*Debe desestimarse la petición.*

El Juez Asociado Sr. Negrón Fernández no intervino.